IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES L. DEAN,<br>                Plaintiffs,<br>   vs.<br>GAGE COUNTY, NEBRASKA, et. al,<br>                Defendants. | **4:09CV3144** |
| LOIS P. WHITE, as Personal Representative of the Estate of Joseph White, deceased,<br>                Plaintiff,<br>   vs.<br>GAGE COUNTY, NEBRASKA, et. al<br>                Defendants. | **4:09CV3145** |
| KATHLEEN A. GONZALEZ,<br>                Plaintiff,<br>   vs.<br>GAGE COUNTY, NEBRASKA, et. al,<br>                Defendants. | **4:09CV3146** |
| THOMAS W. WINSLOW,<br>                Plaintiff,<br>   vs.<br>GAGE COUNTY, NEBRASKA, et. al,<br>                Defendants. | **4:09CV3147** |
| ADA JOANN TAYLOR,<br>                Plaintiff,<br>   vs.<br>GAGE COUNTY, NEBRASKA, et. al,<br>                Defendants. | **4:09CV3148** |
| DEB SHELDEN,<br>                Plaintiff,<br>   vs.<br>GAGE COUNTY, NEBRASKA, et. al,<br>                Defendants. | **4:11CV3099** |

**MEMORANDUM AND ORDER**

Pending before the court is the Nebraska Attorney General's motion to quash the plaintiffs' non-party subpoena. (4:09-cv-03144-RGK-CRZ, (Filing No. 164); 4:09-cv-03145-WKU-CRZ (Filing No. 174); 4:09-cv-03146-RGK-CRZ (Filing No. 163); 4:09-cv-03147-RGK-CRZ (Filing No. 164); 4:09-cv-03148-RGK-CRZ (Filing No. 161)).[1]  The subpoena commands the Attorney General to produce for inspection by plaintiffs' counsel:

> All investigative reports, recorded statements, correspondence, lab reports, photographs, court records or other documents obtained during the course of the Helen Wilson homicide investigation, or concerning Joseph White, Thomas Winslow, Ada Joann Taylor, Kathleen Gonzalez, Debra Shelden, or James Dean.

The plaintiffs are not requesting access to the civil litigation files for Joseph White, Thomas Winslow, James Dean. Ada Joann Taylor. Kathleen Gonzalez, and/or Debra Shelden relating to their state lawsuits filed in Gage County District Court.  (Filing No. 167-5, at CM/ECF p. 6).

The Attorney General claims compliance with the subpoena will be unduly burdensome, it does not possess the documents actually being sought by plaintiffs' counsel (the original White bill of exceptions), and it already produced these documents for a multi-day inspection by plaintiffs' counsel in March of 2010 and should not be required to do so again.

After reviewing the evidence, I find the best course of action is to permit plaintiffs' counsel to review the Attorney General's files a second time.  The Attorney General has searched the files recently, indicating the files are accumulated and at an accessible location.  Compliance is therefore not unduly burdensome.  The plaintiffs are not asking that all files be copied; they are merely asking to review the files again.  The files are voluminous, and a second look—particularly for a missing original bill of exceptions—may serve to promote full

---

[1] The motion to quash was not filed in 4:11-cv-03099-RGK-CRZ, but 4:11-cv-03099-RGK-CRZ has been consolidated with the other related 2009 cases assigned to Judge Kopf (4:09-cv-03144-RGK-CRZ, 4:09-cv-03146-RGK-CRZ; 4:09-cv-03147-RGK-CRZ; 4:09-cv-03148-RGK-CRZ). The motion to quash was filed in the case assigned to Judge Urbom, 4:09-cv-03145-WKU-CRZ, which is not consolidated with the others. Even though the motion was not filed in 4:11-cv-03099-RGK-CRZ, counsel for Plaintiff in that case responded to the motion to quash.  So for the purposes of resolving the pending motion to quash, the court assumes the motion applies to all six related cases.

disclosure of facts relevant to the parties' claims and defenses. The last search occurred over three years ago, and the plaintiffs' trial theories and strategies have no doubt become more focused since the original file review. Materials that may have seemed irrelevant or superfluous may now be perceived differently. Finally, there is nothing of record indicating Sheldon's counsel was ever afforded an opportunity to review the Attorney General's files.

Plaintiffs' counsel are hereby notified, however, that another search of these non-party files will not be permitted without either the consent of the Attorney General's Office, or absent such consent, a court order based on a **substantial** threshold showing of good cause.

Accordingly,

IT IS ORDERED:

1) The Nebraska Attorney General's motion to quash the plaintiffs' non-party subpoena, (4:09-cv-03144-RGK-CRZ, (Filing No. 164); 4:09-cv-03145-WKU-CRZ (Filing No. 174); 4:09-cv-03146-RGK-CRZ (Filing No. 163); 4:09-cv-03147-RGK-CRZ (Filing No. 164); 4:09-cv-03148-RGK-CRZ (Filing No. 161)), is denied. This ruling also applies to Sheldon v. County of Gage, Nebraska, 4:11-cv-03099-RGK-CRZ—even in the absence of a formally filed motion to quash.

2) On or before August 2, 2013, the Nebraska Attorney General shall fully respond to the plaintiffs' subpoena.
.

July 18, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge