IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES L. DEAN,<br>　　　　　Plaintiffs,<br>　vs.<br>COUNTY OF GAGE, NEBRASKA, a Nebraska political subdivision, et. al;<br>　　　　　Defendants. | **4:9CV3144**<br><br>**ORDER** |
| CARROLL T. WHITE, as Personal Representative of the Estate of Joseph White, deceased;<br>　　　　　Plaintiffs,<br>　vs.<br>COUNTY OF GAGE, NEBRASKA, a Nebraska political subdivision, et. al;<br>　　　　　Defendants. | **4:9CV3145** |
| KATHLEEN A. GONZALEZ,<br>　　　　　Plaintiff,<br>　vs.<br>COUNTY OF GAGE, NEBRASKA, a Nebraska political subdivision, et. al;<br>　　　　　Defendants. | **4:9CV3146** |
| THOMAS W. WINSLOW,<br>　　　　　Plaintiff,<br>　vs.<br>COUNTY OF GAGE, NEBRASKA, a Nebraska political subdivision, et. al;<br>　　　　　Defendants. | **4:9CV3147** |
| ADA JOANN TAYLOR,<br>　　　　　Plaintiff,<br>　vs.<br>COUNTY OF GAGE, NEBRASKA, a Nebraska political subdivision, et. al;<br>　　　　　Defendants. | **4:9CV3148** |
| DEB SHELDEN,<br>　　　　　Plaintiff,<br>　vs.<br>COUNTY OF GAGE, NEBRASKA, a Nebraska political subdivision, et. al;<br>　　　　　Defendants. | **4:11CV3099** |

Upon the reassignment of White v. Gage County, Nebraska, et al, 4:9-cv-3145 from Judge Urbom to Judge Kopf, the court finds that the above six cases should be consolidated as to all stages of the case prior to appeal, including trial. The cases involve common questions of law and fact, and the defendants are represented by the same counsel. Consolidating the cases will serve the interests of justice and judicial economy.

Accordingly,

IT IS ORDERED:

A. The cases identified in the caption of this Memorandum and Order are consolidated for all purposes as follows;

 1) Dean v. Gage County, Nebraska, et al, 4:09CV3144, remains the "Lead Case," and the other five cases identified in the caption are each designated as "Member Cases."

 2) The court's CM/ECF System has the capacity for "spreading" text among consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in the Member Cases. To this end, the parties are instructed to file in the Lead Case, 4:09CV3144, Dean v. Gage County, Nebraska, et al, all further documents except those described in paragraph 3 and to select the option "yes" in response to the System's question of whether to spread the text.

 3) The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal.

 4) If a party believes that an item in addition to those described in paragraph 3 should not be filed in all of these consolidated cases, the party must move for permission to file the item in only one of the cases. The motion must be filed in all of the consolidated cases using the spread text feature.

B. As to all six consolidated cases:

 1) The progression schedule for the lead case remains unchanged and is now applicable to all six of the above-captioned cases.

 2) A jury trial will commence at 9:00 A.M. on Monday, January 6, 2014, as the number one case and prior to the trial of any criminal or civil cases scheduled for that date. A total of 10 trial days is allocated for the trial including jury selection and closing arguments.

3)  There are two issues (with sub-parts) for trial and they are:

  \* Did the defendants, or any one of them, conduct a reckless investigation of a named plaintiff? If the answer to the foregoing question is "yes," was the reckless investigation a proximate cause of some damage to a named plaintiff? If the answer to the foregoing question is "yes," what is the extent of the named plaintiff's damages (including punitive damages, if appropriate) and should any amount paid to a named plaintiff by the State of Nebraska or Gage County in other proceedings reduce the named plaintiff's damages?

  \*\* Did the defendants, or any one of them, amass false evidence against a named plaintiff? If the answer to the foregoing question is "yes," was the false evidence a proximate cause of some damage to a named plaintiff? If the answer to the foregoing question is "yes," what is the extent of the named plaintiff's damages (including punitive damages, if appropriate) and should any amount paid to a named plaintiff by the State of Nebraska or Gage County in other proceedings reduce the named plaintiff's damages?

4)  The plaintiffs' claims against Richard T. Smith are dismissed with prejudice and Mr. Smith is no longer a defendant.

5)  The parties will cooperate, schedule and arrange their discovery including the exchange of expert reports. They will do so with little or no assistance from the court. Discovery may be conducted by interrogatory, deposition, request for admission or otherwise. Discovery shall be completed on or before November 1, 2013.

6)  Any motions to compel shall be filed on or before September 2, 2013.

7)  Any discovery related motions or disputes that will not substantially alter the schedule outlined in this Memorandum and Order are referred to the undersigned magistrate judge for resolution. Any discovery related motions or disputes that will substantially alter the schedule outlined herein shall be resolved by Judge Kopf. The undersigned magistrate judge will advise Judge Kopf if a discovery matter is likely to substantially alter the schedule outlined herein.

8)  Motions in limine and proposed jury instructions and verdict forms shall be filed on or before December 9, 2013.

9)  The pretrial conference will be held before Judge Kopf at 12:00 noon on Wednesday, December 18, 2013, in Judge Kopf's chambers. A maximum of one hour is allocated to the pretrial conference. The parties will submit a proposed pretrial conference order to Judge Kopf on Tuesday, December 17, 2013, that conforms to the requirements of the local rules of practice.

August 4, 2013.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge