# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. DEAN, | ) | 4:09CV3144 |
|     Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|     Defendants. | ) | |
| LOIS P. WHITE, as Personal Representative of the Estate of Joseph White, deceased, | ) | 4:09CV3145 |
|     Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|     Defendants. | ) | |
| KATHLEEN A. GONZALEZ, | ) | 4:09CV3146 |
|     Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|     Defendants. | ) | |
| THOMAS W. WINSLOW, | ) | 4:09CV3147 |
|     Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|     Defendants. | ) | |
| ADA JOANN TAYLOR, | ) | 4:09CV3148 |
|     Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|     Defendants. | ) | |
| DEBRA SHELDEN, | ) | 4:11CV3099 |
|     Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|     Defendants. | ) | |

**RULINGS ON MOTIONS IN LIMINE**

There are numerous motions in limine pending before me.

IT IS ORDERED that:

**Plaintiffs' motions**:

**250** *prohibiting Defendants, their counsel or their witnesses from arguing or suggesting that the Plaintiffs (or any one of them) were guilty of participation in the rape and murder of Helen Wilson.*

Plaintiffs argue the evidence is not relevant or should be excluded under Rule 403.

Defendants state they "have no intention of asserting or arguing that the Plaintiffs were actually guilty ...."

> **Ruling:** **Denied, except to the extent stated in the pretrial conference order (filing 289): "Counsel shall not suggest to the jury that it is the jury's responsibility to determine guilt or innocence in this matter."**

**252** *excluding the testimony of defense expert Ron Martinelli [and his subcontractor, Robert Prevot], ... as follows:*

> 1. *Martinelli's opinions relative to whether Defendants had probable cause to arrest Plaintiffs; and as to whether Defendants engaged in constitutionally-violative and/or conscience-shocking conduct ...*
>
> According to the expert witness report (filing 254-2), Martinelli will offer 4 main opinions:

> Opinion No. 1 – The defendant investigating officers, ... The Gage County Sheriff's Office, and the Gage County Attorney's Office utilized objectively reasonable and generally recognized law enforcement practices during the Helen Wilson sexual assault and homicide investigation.
>
> Opinion No. 2 – The investigating officers and agencies involved in the Helen Wilson homicide investigation did not act with reckless disregard or with deliberate indifference to the civil rights of the plaintiffs.
>
> Opinion No. 3 - The aforementioned investigating officers and agencies involved in the Helen Wilson homicide investigation did not did not [*sic*] conduct their investigation in a manner that "shocks the conscience" of the Court.
>
> Opinion No. 4 – Overall actions of investigators and prosecutors in the Wilson homicide investigation were objectively reasonable, appropriate and not in violations of the plaintiffs' constitutional rights.

Defendants' response seems to indicate that their experts will only testify about whether their conduct was appropriate under accepted standards, and not whether they violated Plaintiffs' rights.

2. *Martinelli's opinions that the pathologist who performed the autopsy on Mrs. Wilson incorrectly identified the mechanism of Mrs. Wilson's death ...*

Martinelli so opined during his deposition. Plaintiffs object that a criminologist does not have the credentials to contradict the pathologist's findings.

Defendants have not responded to this objection.

3.  *Martinelli['s] ... interpretation [of or justification for] ... the thought processes of parties and witnesses underlying their conduct....*

Defendants have not responded to this objection.

[4].  *Any opinions ... [not] limited to those based on his review of evidence in this case as of the date of his discovery deposition.*

Defendants have not responded to this objection.

**Ruling:**   **Sustained as to all Opinions except for Opinion 1 and to that extent only the motion is denied.**

Federal Rule of Evidence 702 permits a qualified expert to give opinion testimony if the expert's specialized knowledge would allow the jury to better understand the evidence or decide a fact in issue. *United States v. Arenal*, 768 F.2d 263, 269 (8th Cir.1985). "The touchstone for the admissibility of expert testimony is whether it will assist or be helpful to the trier of fact." [*McKnight ex rel. Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396, 1408 (8th Cir.1994).] Rule 704(a) provides that expert evidence is not inadmissible because it embraces an ultimate issue to be decided by the jury. If the subject matter is within the jury's knowledge or experience, however, the expert testimony remains subject to exclusion "because the testimony does not then meet the helpfulness criterion of Rule 702." *Arenal*, 768 F.2d at 269. Opinions that "merely

tell the jury what result to reach" are not admissible. Fed.R.Evid. 704 advisory committee's note.

*Lee v. Andersen*, 616 F.3d 803, 808-09 (8th Cir. 2010) (expert's conclusion that surveillance video showed suspect was not carrying a gun was properly excluded in trial involving § 1983 excessive force claim); *see also Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009) (expert's opinions about reasonableness of evidence collection and strip search procedures in § 1983 action were inadmissible legal conclusions; *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir.1995) (expert testimony on reasonableness of police behavior in light of Fourth Amendment standards is statement of legal conclusions and not admissible).

**256**  *prohibiting Defendants, their counsel or their witnesses from any mention of claims made or payments received by any Plaintiff pursuant to the Nebraska Wrongful Conviction Compensation Act.*

The State of Nebraska has paid settlements to Winslow ($180,000), Gonzalez ($350,000), and White ($500,000). Following trial, it has also been ordered to pay Dean ($300,000) and Taylor ($500,000), but has appealed those verdicts. Shelden has filed suit, but that action is stayed pending the Dean/Taylor appeals.

Plaintiffs argue the collateral source rule applies. *See Gill v. Maciejewski*, 546 F.3d 557, 564 (8th Cir. 2008) ("The common law collateral source rule holds that the defendant's liability shall not be reduced merely because the plaintiff's net damages are reduced by payments received from others ... [and] applies to § 1983 actions.") (internal citations and quotations omitted).

Defendants argue the collateral source rule should only apply when there is a possible subrogation claim by a third-party. Payments made by the State under

the Nebraska Claims for Wrongful Conviction and Imprisonment Act do not create a right to subrogation. *See* Neb. Rev. Stat. § 29-4608 ("Nothing in the ... Act shall limit the claimant from making any other claim available against any other party or based upon any other theory of recovery, except that a claimant who recovers a claim under the act shall not have any other claim against the state based upon any other theory of recovery or law.").

Defendants cite no authority for limiting the collateral source rule in the manner they suggest. "*Collateral source relates to gratuities by volunteers* or to reimbursement by reason of a collateral investment previously made by the injured party." *Mason-Rust v. Laborers' Int'l Union*, 435 F.2d 939 (8th Cir. 1970) (concurring opinion by Judge Lay) (emphasis supplied).

**<u>Ruling:</u>** **Sustained**

**258** *prohibiting Defendants, their counsel or their witnesses from any mention of sexual activities of any Plaintiff.*

Plaintiffs argue the evidence is irrelevant because they were not made suspects based on any known or suspected sexual activity. They also argue unfair prejudice under Rule 403.

Defendants respond that any statement made by Plaintiffs to law enforcement, to a psychologist or psychiatrist, or to their own criminal defense attorneys, describing the sexual and physical attack upon Helen Wilson is relevant and admissible.

**<u>Ruling:</u>** **Denied without prejudice.**

**261**  *prohibiting Defendants, their counsel or their witnesses from any mention of criminal convictions (other than the convictions at issue in this case) of any Plaintiff.*

Plaintiffs argue the evidence is irrelevant because they were not made suspects based on their criminal history. They also argue the evidence cannot be used for impeachment purposes under Rule 609.

Defendants state there is no exhibit that deals with Plaintiffs' criminal history records, and argue the motion is premature.

**Ruling:**   **Denied without prejudice.**

**Defendants' motions:**

**265**  *preclud[ing] Plaintiff[s] from introducing evidence taken from the Defendants' personnel files or any testimony about the contents of the Defendants' personnel files.*

Defendants argue this is inadmissible character evidence under Rule 404(b). They request *in camera* review of the documents for a determination that they are irrelevant.

Plaintiffs state there should be no need for *in camera* review because Judge Zwart ordered Defendants to produce all of the personnel files (see filing 199). They will not present documents from Defendants' personnel files in voir dire or opening statements, and will approach the bench before introducing such evidence in witness examinations.

4:09-cv-03144-RGK-CRZ Doc # 309 Filed: 12/31/13 Page 8 of 11 - Page ID # 8500

>   Plaintiffs intend to show the County rehired Searcey after he left the Sheriff's Office under a disciplinary cloud and continued to employ him despite his conduct involving Plaintiffs.
>
>   Plaintiffs also intend to present evidence that Searcey caused his disciplinary file to be purged shortly after this case was filed, and they will be requesting a spoliation instruction.

>   **Ruling:** **Denied, but without prejudice to relevancy objections at trial. If the documents must be reviewed, they should be filed as restricted access documents as provided in Judge Zwart's order (filing 199).**

**267** *prohibiting Plaintiffs, counsel or witnesses from using and/or describing Plaintiffs in the following terms, innocent, exonerated, wrongfully convicted, not guilty, in an attempt to suggest that the Plaintiffs were innocent in the Helen Wilson murder ... [and] directing Plaintiffs not to utilize DNA evidence in an effort to prove that the Plaintiffs were innocent, exonerated, wrongfully convicted or not guilty as to the charges to which they pled guilty and/or were convicted.*

>   **Ruling:** **Denied, except to the extent stated in the pretrial conference order (filing 289): "Counsel shall not suggest to the jury that it is the jury's responsibility to determine guilt or innocence in this matter."**
>
>   **Note:** **Judge Zwart ordered on September 12, 2013, that "[t]he plaintiffs are precluded from offering any opinions held by Dr. Reena Roy concerning DNA testing or the results of that testing in 2008 during the trial of this case," and that "[t]he defendants remain able to object to Dr. Roy's statements**

> **regarding DNA in response to the plaintiffs' pretrial designation of Dr. Roy's deposition testimony for use at trial." (Filing 199). That order will be enforced.**

**269** *striking Plaintiffs' Experts Gerald Soucie, Peter M. Klimset, Corey O'Brien, and Donald Luckeroth.*

1. Attorney Soucie was identified as a rebuttal expert. He represented Winslow and has opinions "that the plaintiffs were wrongfully convicted and actually innocent, ... the investigation ... was reckless, and that the defendants ignored exonerating evidence and instilled in very vulnerable individuals the false belief that they were present and participating in the assault of Helen Wilson." (Filing 271-2)

2. Attorney O'Brien led the 2008 task force that investigated the Helen Wilson homicide. He "is expected to testify and provide his opinions on the work of the task force and on defendants' conduct of the Helen Wilson homicide investigation in 1989." (Filing 271-1)

3. Retired FBI Agent Klimset was identified as a rebuttal expert. He "will have opinions consistent with the Helen Wilson homicide report prepared by the FBI Behavior Science Unit." (Filing 271-2). That report was available to law enforcement during the investigation.

4. Luckerworth was the Beatrice Chief of Police between 1985-1989. It was represented at the pretrial conference that he is deceased. The motion is therefore moot as to this witness.

Defendants object that no Rule 26(a)(2) disclosures were provided for these witnesses, and the failure was not substantially justified or harmless under Rule

9

37, and that the opinions are inadmissible under Rule 702 and *Doubert/Kumho* or else should be excluded under Rule 403

Plaintiffs argue no written reports were required because these are not retained experts. *See* Fed.R.Civ.P. 26(a)(2)(B). They were only required to the disclose the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. *See* Fed.R.Civ.P. 26(a)(2)(C).

**Ruling:** **Denied as to Rule 26 objection; sustained as to Soucie's opinions because they are unhelpful legal conclusions by a former lawyer for a party opponent; sustained to any opinions Corey O'Brien proposes to offer as to whether the defendants were reckless or assembled false evidence against the plaintiffs because those opinions are legal conclusions and unhelpful; otherwise denied.**

**273** *striking Plaintiffs' expert witness Dr. Richard Leo, or in the alternative, finding the testimony of Leo inadmissible at trial in this matter ...*

Note: This motion was filed 2 days late, but Defendants filed a motion for extension of time (filing **272**) on the due date. The motion for extension of time is **granted**. Plaintiffs have also filed a motion requesting leave to file a supplemental index of evidence (filing **307**), which is **granted**.

Leo has been identified as an expert on "persuaded false confessions."

Defendants object that his testimony is inadmissible under Rule 702 and *Doubert/Kumho* or else should be excluded under Rule 403.

**Ruling:** **Denied.**

**276** *striking Plaintiffs' expert witness Dr. Eli Chesen, or in the alternative, finding the testimony of Chesen inadmissible at trial in this matter ...*

Note: This motion was filed 2 days late, but Defendants filed a motion for extension of time (filing **272**) on the due date. The motion for extension of time is **granted**.

Chesen is a psychiatrist who purports to be an expert on "Stockholm Syndrome" and "False Memory Syndrome."

Defendants object that no proper Rule 26(a)(2) disclosure was provided for this witness, and the failure was not substantially justified or harmless under Rule 37, and that his opinions are inadmissible under Rule 702 and *Doubert/Kumho* or else should be excluded under Rule 403

Chesen's supplemental affidavit was e-mailed to defendants on July 25, 2013. Defendants knew of the substance of Dr. Chesen's testimony and made no effort to depose him. Instead, they waited until the time for discovery had passed and moved to strike.

**Ruling:** **Denied.**

December 31, 2013.　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　*s/Richard G. Kopf*
　　　　　　　　　　　　　　　　　　Senior United States District Judge