IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. DEAN,<br>　　　　Plaintiff,<br>　v.<br>COUNTY OF GAGE, NEBRASKA, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>) | 4:09CV3144 |
| LOIS P. WHITE, as Personal Representative<br>of the Estate of<br>Joseph White, deceased,<br>　　　　Plaintiff,<br>　v.<br>COUNTY OF GAGE, NEBRASKA, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 4:09CV3145 |
| KATHLEEN A. GONZALEZ,<br>　　　　Plaintiff,<br>　v.<br>COUNTY OF GAGE, NEBRASKA, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>) | 4:09CV3146 |
| THOMAS W. WINSLOW,<br>　　　　Plaintiff,<br>　v.<br>COUNTY OF GAGE, NEBRASKA, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>) | 4:09CV3147 |
| ADA JOANN TAYLOR,<br>　　　　Plaintiff,<br>　v.<br>COUNTY OF GAGE, NEBRASKA, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>) | 4:09CV3148 |
| DEBRA SHELDEN,<br>　　　　Plaintiff,<br>　v.<br>COUNTY OF GAGE, NEBRASKA, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>) | 4:11CV3099 |

**MEMORANDUM AND ORDER ON MISTRIAL**

　　After three weeks of trial and slightly more than three days of deliberation, the foreperson of the jury and one other person advised in writing that unanimous agreement was unlikely and sought my advice. With the agreement of counsel, and in their presence, I questioned the entire jury.

After some initial confusion, several jurors expressly indicated that no verdict had been reached on any claim. Other jurors thought that tentative agreement on one or more claims may have been reached, but they also agreed that no final decision had been reached.

Furthermore, about six members of the jury indicated that further discussions would not be fruitful. The other half thought further deliberations might be fruitful or were uncertain.

Following the questioning of the jurors, I heard the views of counsel. Plaintiffs' counsel asked that I require further deliberations. In contrast, the defendants moved for a mistrial.

Recognizing that, since deliberations commenced, several ostensible jury instructions questions were propounded by the jury essentially asking me to apply disputed facts to the elements which, obviously, I could not do; recognizing, after deliberations commenced, that a juror had earlier complained about another juror; recognizing the large trial record and the complexity and difficulty of this case; recognizing that the final jury instructions contained a modified "*Allen*" charge intended to stress the importance of trying to reach agreement; and hoping to avoid coercing the jurors to agree when in fact there was no consensus, I granted the motion for mistrial.

IT IS ORDERED that:

1. The defendants' motion for mistrial is granted.

2. My judicial assistant shall arrange and schedule a telephone conference with counsel in approximately 7 to 10 days at which time the lawyers and I will discuss a new trial date and related matters.

January 30, 2014                           BY THE COURT:

                                           *Richard G. Kopf*
                                           Senior United States District Judge