# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES L. DEAN,<br>    Plaintiff,<br>v.<br>RICHARD T. SMITH, et al.,<br>    Defendants. | 4:09CV3144 |
| LOIS P. WHITE, as Personal Representative of the Estate of Joseph White, deceased,<br>    Plaintiff,<br>v.<br>COUNTY OF GAGE, NEBRASKA, et al.,<br>    Defendants. | 4:09CV3145 |
| KATHLEEN A. GONZALEZ,<br>    Plaintiff,<br>v.<br>RICHARD T. SMITH, et al.,<br>    Defendants. | 4:09CV3146 |
| THOMAS W. WINSLOW,<br>    Plaintiff,<br>v.<br>RICHARD T. SMITH, et al.,<br>    Defendants. | 4:09CV3147 |
| ADA JOANN TAYLOR,<br>    Plaintiff,<br>v.<br>RICHARD T. SMITH, et al.,<br>    Defendants. | 4:09CV3148 |
| DEBRA SHELDEN,<br>    Plaintiff,<br>v.<br>COUNTY OF GAGE, NEBRASKA, et al.,<br>    Defendants. | 4:11CV3099 |

**AMENDED PRETRIAL CONFERENCE ORDER**

    With the agreement of counsel, this Amended Pretrial Conference Order is herewith entered and shall bind the parties and their counsel. For the sake of brevity, the prior Pretrial Conference Order including the attachments (filing no. 289 in 4:09CV3144 as slightly

amended by the Order appearing at filing no. 290) will continue to apply except to the extent provided in this Amended Pretrial Conference Order.

Referring to the prior Pretrial Conference Order, and referencing the paragraphs set for therein, it is agreed:

**A.** Stricken. The parties will file a joint exhibit list on or before April 1, 2016.

**B.** Stricken. The following is inserted:

The following information is not disputed by the parties. They agree that:

1. Venue is proper in Lincoln, Nebraska.

2. Plaintiffs TAYLOR, SHELDEN, and GONZALEZ, are residents of the State of Nebraska, Plaintiff DEAN is a resident of the State of Kansas, Plaintiff WINSLOW is a resident of the State of Oklahoma, and Plaintiff WHITE is a resident of the State of Alabama.

3. Defendants SEARCEY and PRICE are now, and were in 1989, employees of Defendant GAGE COUNTY, specifically the Gage County Sheriff's Department, and Defendant DeWitt, now deceased, was in 1989 the duly elected Gage County Sheriff and the supervisor of Defendants SEARCEY and PRICE.

4. Helen Wilson's body was discovered in her apartment in Beatrice, Nebraska on February 6, 1985. She had been raped and murdered.

5. On March 14, 1989, a Complaint was filed against WHITE for first degree murder. Trial of Joseph White's case began November 3, 1989, and concluded November 8, 1989.

6. White's jury convicted him of first-degree felony murder on November 8, 1989.

7.     On March 17, 1989, a Complaint was filed against WINSLOW for first degree murder.  On December 8, 1989, Winslow entered a "no contest" plea to aiding and abetting second-degree murder.

8.     On April 14, 1989, a Complaint was filed against SHELDEN for aiding and abetting first degree murder. SHELDEN was sentenced to 10 years by the Court following her entry of a guilty plea.  She was released after serving four years, eight months and twenty days in prison.

9.     On April 14, 1989, a Complaint was filed against DEAN for aiding and abetting first degree murder.  DEAN was sentenced to 10 years by the Court following his entry of a guilty plea.  He was released after serving five years, four months and twenty-four days in prison.

10.    WINSLOW was sentenced to fifty years' imprisonment by the Court following his plea of "no contest."  He spent nineteen years and seven months in prison.

11.    On March 14, 1989, a Complaint was filed against TAYLOR for first degree murder. TAYLOR was sentenced to ten to forty years in prison by the Court following her plea of guilty.  She spent nineteen years, seven months and twenty-six days in prison.

12.    On May 25, 1989, a Complaint was filed against GONZALEZ for aiding and abetting first degree murder.  GONZALEZ was sentenced to ten years in prison by the Court following her plea of "no contest."  She spent five years, four months and twenty-four days in prison.

13.    Joseph White was sentenced to life in prison by the Court following the jury's guilty verdict.  On October 6, 2005, Joseph White filed a motion for DNA testing pursuant to the DNA Testing Act.  WINSLOW filed a similar motion for DNA testing on February 22, 2006. The Gage County District Court denied their motions, but the Nebraska Supreme Court reversed that denial and ordered that the testing go forward.

14.    Subsequent DNA testing in 2008 excluded White and Winslow as contributors of the blood and semen tested and excluded Gonzalez as a source of crime scene blood. The State

ultimately dismissed White's criminal case and declined to retry him. White spent nineteen years and seven months in prison.

15. On January 26, 2009, the Nebraska Pardons Board granted pardons to Thomas Winslow, Joann Taylor, James Dean, Debra Shelden, and Kathleen Gonzalez.

**C.** Stricken. The following is inserted:

The following are the sole controverted issues. They will not be altered or amended except to prevent manifest injustice. *See* Federal Rule of Civil Procedure 16(e).

**1. Whether any defendant conducted a reckless investigation of any plaintiff and caused damages. Essential elements:**

> *First*, a defendant gathered false or unreliable[1] evidence against one or more of the plaintiffs during the investigation of the rape and murder of Mrs. Wilson;
>
> *Second*, the defendant acted recklessly[2] in gathering such evidence; and
>
> *Third*, as a direct result of such action, the plaintiff suffered some damage.

A person acts "recklessly" when the person proceeds without heed or concern for the consequences.

The plaintiff does not need to prove the defendant intended to violate the plaintiff's constitutional rights. However, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally, or inadvertently. That is, more than mere negligence, accident or inadvertence is required.

(Final Jury Instruction No. 11 – Filing No. 361 at CM/ECF p. 12)

**2. Whether any defendant manufactured false evidence against any plaintiff and caused damages. Essential elements:**

---

[1] The defendants object to the inclusion of the words "or unreliable." The objection is overruled without prejudice to reassertion at the jury instruction conference.

[2] The defendants object to the omission of the words "or intentionally." The objection is overruled without prejudice to reassertion at the jury instruction conference.

> *First*, a defendant fabricated, that is, made-up, false evidence against one or more of the plaintiffs during the investigation of the rape and murder of Mrs. Wilson knowing such evidence to be false;
>
> *Second*, the defendant intentionally[3] fabricated false evidence; and
>
> *Third*, as a direct result of such action, the plaintiff suffered some damage.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.

The plaintiff does not need to prove the defendant intended to violate the plaintiff's constitutional rights.

The plaintiff must prove by the greater weight of the evidence that the fabricated false evidence was used to secure his or her conviction.

(Final Jury Instruction No. 12 – Filing No. 361 at CM/ECF p. 13)

**3. Whether any defendant conspired with another defendant or other person[4] to recklessly investigate the case against any plaintiff or manufacture false evidence against any plaintiff and caused damages. Essential elements:**

> "To prove a civil conspiracy under § 1983, [plaintiffs] must show (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *Livers v. Schenck*, 700 F.3d 340, 360-61 (8th Cir. 2012). "To be liable as a conspirator [one] must be a voluntary participant in a common venture. . . . It is enough if [Defendants] understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do [their] part to further them." *White*, 696 F.3d at 757, quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988) (alterations and ellipsis in original).

---

[3] The plaintiffs object to the word "intentionally" and assert "recklessly" should be used instead. The objection is overruled without prejudice to reassertion at the jury instruction conference.

[4] The defendants assert as a matter of law that the Gage County Attorney cannot be a co-conspirator, and they object to submitting the conspiracy claim to the jury in a manner that would permit the jury to consider Mr. Smith a co-conspirator. The objection is overruled without prejudice to reassertion at the jury instruction conference.

5

*Dean v. Cty. of Gage*, 807 F.3d 931, 939 (8th Cir. 2015) (Filing No. 462)

> To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir.1999). The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim. *Id.*

*Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798 (8th Cir. 2013)

> For a claim of conspiracy under Section 1983, the plaintiff need not show that each participant knew "the exact limits of the illegal plan ...," but the plaintiff must show evidence sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights. *Larson by Larson v. Miller*, 76 F.3d 1446, 1458 (8th Cir.1996).

*Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798-99 (8th Cir. 2013)

**4. If #1 (reckless investigation) or #2 (manufacture of false evidence) or # 3 (conspiracy) is proved, "whether Sheriff DeWitt's decisions 'caused the deprivation of rights at issue by policies which affirmatively command that it occur.' *Jett*, 491 U.S. at 737, 109 S.Ct. 2702." *Dean v. Cty. of Gage*, 807 F.3d 931, 942 (8th Cir. 2015) (Filing No. 462). In other words, whether Gage County is liable for the constitutional violation and related damage. Essential elements:**

> Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees. *See Monell*, 436 U.S. at 694, 98 S.Ct. 2018. However, a municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom. *See id.*; *see also Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir.1998). For a municipality to be liable, a plaintiff must prove that a municipal policy or custom was the "moving force [behind] the constitutional violation." *Monell*, 436 U.S. at 694, 98 S.Ct. 2018; *see also Board of Comm'rs v. Brown*, 520 U.S. 397, 400, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (holding that only "deliberate" action by a municipality can meet the "moving force" requirement).... [T]his Court does not use the terms "policy" and "custom" interchangeably when conducting a *Monell* analysis. Rather, a "policy" is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters. *See Ware v. Jackson County*, 150 F.3d 873, 880 (8th Cir.1998) (citing *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir.1990)).

*Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)

> We have observed an important distinction between claims based on official policies and claims based on customs. Because an official policy speaks for itself about the intent of public officials, proof of a single act by a policymaker may be sufficient to support liability. *See McGautha v. Jackson County*, 36 F.3d 53, 56 (8th Cir.1994). To establish the existence of a policy, [the plaintiff] must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir.1999). For [the plaintiff] to prevail on his [§ 1983] claim, he must also show that the policy was unconstitutional and that it was "the moving force" behind the harm that he suffered. *Id.* (quotation omitted).

*Jenkins v. Cty. of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009)

> Although "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, an unconstitutional government policy [can] be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business." *Davison v. City of Minneapolis*, 490 F.3d 648, 659 (8th Cir.2007) (quotations omitted) (first alteration in original). "In this scenario, '[m]unicipal liability attaches only where the decision maker possesses final authority to establish municipal policy with respect to the action ordered.'" *Id.* (alteration in original) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). The Court of Appeals has determined that Sheriff Dewitt had final authority to establish county policy regarding the investigation of criminal matters.

*Copeland v. Locke*, 613 F.3d 875, 882 (8th Cir. 2010)

> A policy which does not "affirmatively sanction" unconstitutional action, and which instead relies on the discretion of the municipality's employees, is not an unconstitutional policy. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir.2008); *Dick v. Watonwan County*, 738 F.2d 939, 943 (8th Cir.1984).

*Moyle v. Anderson*, 571 F.3d 814, 818 (8th Cir. 2009)

**5. What, if any, is the extent of the named Plaintiff's damages (including punitive damages, if appropriate) and should any amount paid to a named Plaintiff by the State of Nebraska in other proceedings reduce the named Plaintiff's damages.**

**D.** No change, except that the plaintiffs' list of witnesses is amended to:

    1. Delete the following four witness:
        a. Peter Klimset

    b. Jason White
    c. Nancy White Aspinwall
    d. Keith Dubas, AIA

   2. Add the following two witnesses:
    a. Richard Schmeling
    b. Lyle Koenig

The plaintiffs also would list Brian Bornstein, Ph.D., as a witness, but the defendants object to such listing. The objection is sustained and this witness is stricken by the court pursuant to the Memorandum and Order entered on February 8, 2016 (Filing No. 477).

**E.** No change. The plaintiffs also would list Brian Bornstein, Ph.D., as an expert witness, but the defendants object to such listing. The objection is sustained and this witness is stricken by the court pursuant to the Memorandum and Order entered on February 8, 2016 (Filing No. 477).

**F.** No change, except that the defendants' list of deposition testimony they intend to offer as part of their case-in-chief is amended to include:

  Trial testimony of the Honorable William B. Rist given on January 21, 2014 (Trial Transcript Vol. XI, pp. 2675 to 2705).

**G.** No change

**H.** No change

**I.** No change.

**J.** No change.

**K. and L.** Stricken. Insert the following:

This case is set for a jury trial to commence on Monday, June 6, 2016, ending with submission to the jury no later than Friday, July 1, 2016.[5] This case will be tried to a 12-person jury with no alternates.[6] However, if during trial one or more jurors become ill or otherwise unable to proceed, the remaining jurors will decide the case. *See* Federal Rule of Civil Procedure 48(a). Pursuant to 28 U.S.C. § 1870, the plaintiffs shall be considered as a

---

[5] By informal agreement, each side will have roughly 10 trial days. If during trial this becomes a problem, counsel will work with each other to devise a solution.

[6] The defendants object to the court not seating alternate jurors. The objection is overruled.

8

single party and the defendants shall be considered as a single party for purposes of jury selection. The plaintiffs shall be accorded six peremptory challenges and the defendants shall be accorded six peremptory challenges. The court will initially seat 24 prospective jurors. The Court will give a set of preliminary jury instructions prior to opening statements similar to the one previously given with the exception of expanding the issues. Here is the summary of expanded issues that will be contained in those preliminary jury instructions:

> 1. Whether the Defendants, or any one of them, conducted a reckless investigation of a named Plaintiff?
>
> 2. Whether the Defendants, or any one of them, manufactured false evidence against a named Plaintiff?
>
> 3. Whether the Defendants, or some of them, conspired (reached a formal or informal agreement or understanding) with any other person to recklessly investigate the case against any named Plaintiff or manufacture false evidence against any named Plaintiff?
>
> 4. If #1 (reckless investigation) or #2 (manufacture of false evidence) or # 3 (conspiracy) is proved as against any Defendant, whether Sheriff DeWitt deliberately adopted a formal or informal policy or policies by words or deeds which affirmatively commanded that the deprivation of rights take place. In other words, whether Gage County is liable for the alleged constitutional violation or violations because of a formal or informal policy deliberately adopted by DeWitt.
>
> 5. If #1 or #2 or #3 is proved as against any Defendant, what is the extent of the named Plaintiff's damages?

The jurors will be given a copy of the Preliminary Jury Instructions before they are read and each juror may keep a copy of the Preliminary Jury Instructions throughout the trial. Counsel shall appear in my chambers at 10:00 A.M. on Monday, June 6, 2016. Jury selection shall commence at 10:30 A.M.

**M.** No change.

**N.** No change.

**O.** No change.

    Date: March 3, 2016.                        BY THE COURT:

                                                            s/*Richard G. Kopf*
                                                             Senior United States District Judge