# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES L. DEAN,<br>    Plaintiff,<br>v.<br>RICHARD T. SMITH, et al.,<br>    Defendants. | 4:09CV3144 |
| LOIS P. WHITE, as Personal Representative of the Estate of Joseph White, deceased,<br>    Plaintiff,<br>v.<br>COUNTY OF GAGE, NEBRASKA, et al.,<br>    Defendants. | 4:09CV3145 |
| KATHLEEN A. GONZALEZ,<br>    Plaintiff,<br>v.<br>RICHARD T. SMITH, et al.,<br>    Defendants. | 4:09CV3146 |
| THOMAS W. WINSLOW,<br>    Plaintiff,<br>v.<br>RICHARD T. SMITH, et al.,<br>    Defendants. | 4:09CV3147 |
| ADA JOANN TAYLOR,<br>    Plaintiff,<br>v.<br>RICHARD T. SMITH, et al.,<br>    Defendants. | 4:09CV3148 |
| DEBRA SHELDEN,<br>    Plaintiff,<br>v.<br>COUNTY OF GAGE, NEBRASKA, et al.,<br>    Defendants. | 4:11CV3099 |

**MEMORANDUM AND ORDER**

The defendants have filed a motion in limine to preclude the plaintiffs from arguing or presenting evidence to prove (1) "[t]hat liability of the defendants can be based on any activity that took place prior to January 1989 and after May 25, 1989, the date that Plaintiff Kathleen Gonzalez was arrested in Denver, Colorado," or (2) "[t]hat former County Attorney Richard Smith could be a co-conspirator with the Defendants" (Filing No. 502 at CM/ECF p. 2).[1] The motion will be granted in part and denied in part.

With respect to the first portion of the motion in limine, the defendants claim that "[o]n January 13, 1989 defendant Burdette Searcy began investigating the sexual assault and murder of Helen Wilson ... by interviewing Lisa Podendorf Brown," and "[t]he criminal investigation ended when the last plaintiff [Gonzalez] was criminally charged on May 25, 1989" (Filing No. 503 at CM/ECF pp. 2-3). In response, the plaintiffs state Searcey has "testified that he investigated the Wilson homicide as a private detective in April 1985," and "[t]he record in this matter clearly demonstrates that nearly all of the 'investigation' was done after a 'criminal complaint' had been filed against a plaintiff" (Filing No. 506 at CM/ECF p. 2). The defendants "do not dispute that defendant Searcy used the knowledge he gained as a private detective in his 1989 investigation" but state his "investigation in 1985 was not conducted under color of state law in that he was not employed as a law enforcement officer at that time" (Filing No. 510 at CM/ECF p. 2). The defendants' relevancy objections to any evidence concerning events occurring before January 13, 1989, or after May 25, 1989, will need to be taken up at trial.

To the extent the defendants may be claiming *as a matter of law* that any actions taken by them after May 25, 1989, could not have been investigatory in nature, because all of the plaintiffs had been arrested and charged by that date, the court finds no legal support for such a position. Furthermore, even if the investigation was

---

[1] All references are to filings in *Dean v. Smith, et al.*, Case No. 09-3144.

2

concluded by that date, the defendants' alleged manufacturing of false evidence could have continued.

With respect to the second portion of the motion in limine, the Eighth Circuit has held "there is no evidence that any action taken by Smith prior to the filing of criminal complaints against Plaintiffs was unconstitutional. And once the charging documents were filed, Smith was protected by absolute immunity." *Winslow v. Smith,* 696 F.3d 716, 739 (8th Cir. 2012). The defendants claim that because of this ruling, "Smith could not have been involved in any unlawful action" and "[i]t is not possible to use Smith's actions ... to find that any of the defendants violated the plaintiff's due process rights" (Filing No. 503 at CM/ECF pp. 5-6). The court only partially agrees with these statements. That is to say, while the court agrees that Smith could not have been a member of an unlawful conspiracy prior to May 25, 1989, because it is the law of the case that no action taken by Smith prior to the filing of criminal complaints against the plaintiffs was unconstitutional,[2] the court disagrees with the defendants' contention that Smith could not have conspired with them after May 25, 1989, or could not have committed an unlawful act as a prosecutor after that date.

Prosecutorial immunity exists under section 1983 because "it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Imbler v. Pachtman,* 424 U.S. 409, 428 (1976) (quoting *Gregoire v. Biddle,* 177 F.2d 579, 581 (2d Cir. 1949)). But absolute immunity does not extend to persons who conspire with a prosecutor to deprive other persons of their civil rights. *See Dennis v. Sparks,* 449 U.S. 24, 28 (1980) ("[T]he private parties conspiring with the judge were acting under

---

[2] "[W]hen a case has been decided by an appellate court and remanded for further proceedings, every question decided by the appellate court, whether expressly or by necessary implication, is finally settled and determined, and the court on remand is bound by the decree and must carry it into execution according to the mandate." *Thompson v. C.I.R.*, ___ F.3d ___, No. 15-2329, 2016 WL 1743046, at *3 (8th Cir. May 3, 2016).

3

color of state law; and it is of no consequence in this respect that the judge himself is immune from damages liability. Immunity does not change the character of the judge's action or that of his co-conspirators."); *Ellis v. Kneifl*, No. CV 85-L-299, 1986 WL 15945, at *1 (D. Neb. Sept. 12, 1986) (a person who has conspired with immune public officials receives no derivative immunity).

Although none of the defendants can have derivative liability for any action taken by Smith prior to May 25, 1989, because the Eighth Circuit has determined that Smith's actions prior to such date were not unconstitutional, neither the law-of-the-case doctrine nor the absolute-immunity doctrine will prevent the jury from hearing evidence concerning actions taken by Smith after such date. Whether Smith conspired with any of the defendants after May 25, 1989, remains to be proved, however.

Finally, the defendants argue in their supporting brief that "evidence of the actions of former Gage County Attorney Richard Smith took as prosecutor are [*sic*] unduly prejudicial and should be excluded from trial pursuant to Fed. R. Evid. 403" (Filing No. 503 at CM/ECF p. 5). This objection fails because there is no showing of "undue prejudice," which, in the context of Rule 403, "means an undue tendency to suggest decision on an improper basis, ..." Fed. R. Evid. 403, Advisory Committee Notes to 1972 Proposed Rules. "A trial judge can and should exclude evidence when convinced that it will create a danger of prejudice outweighing its probative value." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983) (citing E. I. DuPont DeNemours v. Berkley & Co., Inc., 620 F.2d 1247, 1272 (8th Cir. 1980)). "However, rule 403 of the Federal Rules of Evidence does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." *Id.* (citing Carter v. Hewitt, 617 F.2d 961, 972 (3rd Cir. 1980)). "In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission." *Block v. R.H.*

*Macy & Co.*, 712 F.2d 1241, 1244 (8th Cir. 1983) (quoting *United States v. Day*, 591 F.2d 861, 878 (D.C.Cir. 1978)).

While the defendants may consider it unfair that they can be held liable as co-conspirators for actions that were taken by Smith while he enjoyed absolute immunity, that is the law. Accordingly,

IT IS ORDERED that the defendants' motion in limine (Filing No. 502 in lead case) is granted in part and denied in part, as follows:

1. Because it is the law of the case that there is no evidence any action taken by Richard Smith prior to the filing of criminal complaints against the plaintiffs was unconstitutional, the plaintiffs cannot claim or attempt to prove that Richard Smith conspired with any of the defendants prior to May 25, 1989, or that any defendant is liable for any action that was taken by Richard Smith prior to May 25, 1989.

2. In all other respects, the motion is denied.

May 27, 2016.	BY THE COURT:

	s/ *Richard G. Kopf*
	Senior United States District Judge