# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. DEAN, | ) | 4:09CV3144 |
|         Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|         Defendants. | ) | |
| LOIS P. WHITE, as Personal Representative of the Estate of Joseph White, deceased, | ) | 4:09CV3145 |
|         Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|         Defendants. | ) | |
| KATHLEEN A. GONZALEZ, | ) | 4:09CV3146 |
|         Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|         Defendants. | ) | |
| THOMAS W. WINSLOW, | ) | 4:09CV3147 |
|         Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|         Defendants. | ) | |
| ADA JOANN TAYLOR, | ) | 4:09CV3148 |
|         Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|         Defendants. | ) | |
| DEBRA SHELDEN, | ) | 4:11CV3099 |
|         Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
|         Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiffs' Motion for Attorney Fees and Costs (Filing No. 565),¹ filed pursuant to 42 U.S.C. § 1988. Although the motion is made jointly, the court concludes it is required to enter a separate judgment for each Plaintiff in these consolidated cases.

"Section 1988 makes the prevailing *party* eligible for a discretionary award of attorney's fees." *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990) (emphasis in original). That is to say, the award belongs to the client, not to his or her attorney. Section 1988 "controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer." *Id.* at 90 (holding that § 1988 does not invalidate contingent fee contracts that would require prevailing plaintiff to pay attorney more than statutory award against defendant).

Thus, while Plaintiffs' motion and supporting brief list dollar amounts they contend should be awarded for work performed and expenses incurred by six attorneys of record, it is necessary to identify who represents whom. Because four of the Plaintiffs are represented by the same attorneys, and no separate timekeeping and billing records were kept, it will also be necessary to apportion fees and expenses equally among the four of them.

James L. Dean (Case No. 4:09CV3144) is represented by Herbert J. Friedman. "Mr. Friedman has requested an hourly rate of $300/hour for 1739.3 hours of work by himself [*i.e.*, $521,790.00]; $195/hour for his associate Steve Sael for 228.85 hours of work since February 2016, [*i.e.*, $44,605.25], for his associate Randi Froug for 83 hours of her work [*i.e.*, $16,185.00], and for his associate Dan Friedman for 0.1 hour of his work [*i.e.*, $19.50]. He also asked for $65/hour for 393.70 hours of paralegal time [*i.e.*, $25,590.50], and $45/hour for 44.5 hours of law clerk time *[i.e.,* $2,002.50], and $21,755.97 [for expenses]. Mr. Friedman's total fee/expense request

---

¹ All record references are to filings in the lead case, Case No. 4:09CV3144.

is $632,177.47." (Filing No. 566 at CM/ECF p. 15 (record citation omitted); Filing No. 605 at CM/ECF p. 9.)[2]

Lois P. White, as Personal Representative of the Estate of Joseph White, Deceased (Case No. 4:09CV3145), Kathleen A. Gonzalez (Case No. 4:09CV3146), Thomas W. Winslow (Case No. 4:09CV3147), and Ada Joann Taylor (Case No. 4:09CV3148) are all represented by Douglas J. Stratton, Jeffry D. Patterson, and Robert F. Bartle. "Mr. Stratton has requested an hourly rate of $200/hour for 1007.26 hours of work [*i.e.*, $201,452.00] plus expense[s of $8,591.16], for a total request of $210,043.16." (Filing No. 566 at CM/ECF p. 13.) "Mr. Patterson has requested hourly rates of $195/hour for his work at the inception of his involvement in this case, and $250/hour for his work after his hourly rate increased in April 2014, for 2180 hours of work, for a total fee request of $466,096.50." (Filing No. 566 at CM/ECF p. 11). Mr. Patterson has also requested expenses of $11,000.25. (Filing No. 567-2 at CM/ECF p. 34.) "Mr. Bartle has requested an hourly rate of $250/hour for his 511 hours of work on this case, for a total fee request of $127,750.00." (Filing No. 566 at CM/ECF p. 12.) "He has also asked for $45/hour for time contributed by law clerk Nathan Stratton, for a total of $5,625[.00]." (Filing No. 566 at CM/ECF p. 12.) The combined total for Mr. Doug Stratton, Mr. Patterson, and Mr. Bartle is $820,514.91. In addition, Mr. Patterson has since requested $23,725.00 in fees "for responding to defendants' motion for judgment as a matter of law or new trial, and for responding

---

[2] Judgment has been entered in favor of Mr. Dean and against Defendants Burdette Searcy, Wayne Price, and Gage County, jointly and severally, in the amount of $2,190,000. (Filing No. 561 at CM/ECF p. 3.) The requested attorneys' fees (excluding expenses) of $610,192.75 are equal to approximately 27 percent of the judgment amount.

3

to defendants' opposition to plaintiffs' motion for attorney fees." (Filing No. 609-2 at CM/ECF p. 13.) This latest request brings the total combined total for Mr. Stratton, Mr. Patterson, and Mr. Bartle to $844,239.91.[3]

Deb Shelden (Case No. 4:11CV3099) is represented by Maren L. Chaloupka and Matthew K. Kosmicki. "Miss Chaloupka has requested hourly rates of $195/hour for her work at the inception of her involvement in this case, and $250/hour for her work after her hourly rate increased in April 2014. Including 1,433 hours of her work at those rates [*i.e.*, $320,212.00] plus $31,876.18 in recoverable expense, her request is for a total of $352,088.18." (Filing No. 566 at CM/ECF p. 12.) Mr. Kosmicki "has requested an hourly rate of $180/hour for 339.55 hours of work, for a total fee request of $73,939.00." (Filing No. 566 at CM/ECF p. 14.) The combined total for Ms. Chaloupka and Mr. Kosmicki is $426,027.18.[4]

---

[3] Judgment has been entered in favor of Mr. White's estate and against Defendants Burdette Searcy, Wayne Price, and Gage County, jointly and severally, in the amount of $7,300,000. (Filing No. 561 at CM/ECF p. 4.) Judgment has been entered in favor of Ms. Gonzalez and against Defendants Burdette Searcy, Wayne Price, and Gage County, jointly and severally, in the amount of $2,190,000. (Filing No. 561 at CM/ECF p. 5.) Judgment has been entered in favor of Mr. Winslow and against Defendants Burdette Searcy, Wayne Price, and Gage County, jointly and severally, in the amount of $7,300,000. (Filing No. 561 at CM/ECF p. 6.) Judgment has been entered in favor of Ms. Taylor and against Defendants Burdette Searcy, Wayne Price, and Gage County, jointly and severally, in the amount of $7,300,000. (Filing No. 561 at CM/ECF p. 8.) The requested attorneys' fees (excluding expenses) of $824,648.50 are equal to approximately4 percent of the combined amount of these judgments.

[4] Judgment has been entered in favor of Ms. Shelden and against Defendants Burdette Searcy, Wayne Price, and Gage County, jointly and severally, in the amount of $1,825,000. (Filing No. 561 at CM/ECF p. 8.) The requested attorneys' fees (excluding expenses) of $394,151 are equal to approximately 22 percent of the judgment amount.

"The starting point in determining an attorneys' fee award under § 1988 is the lodestar, which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates." *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1159 (8th Cir. 2014). "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Id.*

"The Defendants do not dispute that the hourly rate for the Plaintiffs' attorneys is reasonable with the exception of the rates charged for Attorneys Randi Froug and Steve Sael," as to whom Defendants contend there was insufficient information regarding their qualifications. (Filing No. 566 at CM/ECF p. 4.) That information has since been provided (see Filing No. 606), and the court finds that the requested hourly rate of $195 for Ms. Froug and Mr. Sael is reasonable.

Defendants also contend there is "a lack of information regarding the paralegals for Mr. Friedman, Mr. Bartle, and individuals with the initial JEC and TBL contained within Mr. Stratton's billings." (Filing No. 566 at CM/ECF p. 4.) Mr. Friedman responds that the fee for paralegal time should be reduced by $8,863.75 to eliminate work that was "more secretarial in nature." (Filing No. 605 at CM/ECF p. 5.) The court considers this reduction to be appropriate. In all other respects, however, the court finds the information provided regarding the paralegals is sufficient, and that their hourly rates are reasonable.

"Defendants argue that a reduction in the lodestar is necessary for insufficient documentation; duplication of work; the fact that the Plaintiffs did not succeed on all claims, and the inclusion of unrelated Attorney's fees." (Filing No. 566 at CM/ECF p. 4.) Defendants also argue that "Plaintiffs are not entitled to attorney's fees for the appeal work." (Filing No. 566 at CM/ECF p. 32.) Finally, Defendants argue that "taxable costs have been included in the Motion for Attorney's Fees and Costs and should not be awarded on the Plaintiffs' Motion and some of the costs have been included in Bill of Costs that have been filed." (Filing No. 566 at CM/ECF p. 4.) These arguments will be addressed briefly below.

*1. Timekeeping Record*s

"A party applying for attorney's fees and related nontaxable expenses must support the application with appropriate and reliable evidence and authority, including affidavits and any written argument. Attorneys should follow appropriate criteria in connection with fee applications." NECivR 54.3(b). "Where a potential fee award issue exists, attorneys should consult the Fee Application Guidelines in Nebraska Civil Rule 54.4." NECivR 54.3(c). Those guidelines provide that the fee application should "[i]dentify with particularity the work done" and:

(A) For a conference, state who was present, the subjects discussed, and how long it lasted.
(B) For research, state who did it, the subjects and issues researched, and whether the results were incorporated into a brief, motion, or pleading.
(C) For travel time, segregate it, state who traveled, and the purpose and mode of travel.
(D) For filings, identify the filing and who prepared it.

NECivR 54.4(a)(1).

Defendants contend they "are entitled to at least a third to a half reduction due to the Plaintiffs' attorneys' failure to comply with the requirements of NECivR 54.4" (Filing No. 601 at CM/ECF p. 36), but the court finds the time records submitted by Plaintiffs' counsel contain sufficiently detailed descriptions of their work activities to permit a "reasoned explanation of the fee award." NECivR 54.4. No percentage reduction is indicated. The court has also examined particular time entries cited by Defendants, but does not find them objectionable.[5]

---

[5] Mr. Patterson, who acted has lead counsel for Plaintiffs White, Gonzalez, Winslow, and Taylor, states: "I did not keep contemporaneous time records for the services performed in the matters tried in this court. However, the record of my services can be reconstructed by reference to the extensive computer records maintained during the entire prosecution of my clients' claims.... I have reconstructed

*2. Duplication of Work*

Defendants argue that the billing records show "duplication of efforts" (Filing No. 601 at CM/ECF p. 49), but this is to be expected when cases involving six different Plaintiffs and three groups of attorneys have been consolidated for trial. The mere fact that some attorneys did not take a more active role during depositions or at trial does not mean their time was not valuable. However, Mr. Friedman agrees with Defendants that a duplicate billing for 2.0 hours on April 18, 2016, should be eliminated, reducing his fee by $600. (Filing No. 605 at CM/ECF p. 9.)

*3. Partial Success*

Although Defendants cite "the fact that the Plaintiffs did not succeed on all claims" as a reason for reducing the lodestar (Filing No. 566 at CM/ECF p. 4), the only argument they make in this regard is to suggest "a 1/3 reduction in the amount billed by the Plaintiffs [for work performed in successfully appealing from the court's granting of a Rule 50(a) motion in the first trial] because Plaintiffs were not successful on the conspiracy claim at [the second] trial ...." (Filing No. 566 at CM/ECF p. 35.) No such reduction is warranted. Additional arguments regarding the appeals will be addressed subsequently.

To the extent Defendants might contend there should be an overall reduction in the lodestar because Plaintiffs did not prevail on all claims at trial, the court would reject such a contention. Although the jury did not accept the conspiracy theory, and did not find against all Defendants on every claim, as a practical matter it made no

---

my time from the documents maintained on my computer, the court files, records of depositions, examination of saved emails and correspondence, and the billing records of our experts and co-counsel.... My reconstruction is very conservative ...." (Filing No. 567-2, ¶¶ 5-6.) While the court strongly encourages Mr. Patterson in the future to maintain contemporaneous time records to support a fee application, it readily accepts his statement that the reconstructed time records are "very conservative."

difference in the outcome since the claims were so closely interrelated.[6] *See Hensley v. Eckerhart*, 461 U.S. 424, 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.... In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.... The result is what matters."). Plaintiffs have not suggested that the lodestar should be increased based on the size of the jury verdict, or for any other reason.

*4. Unrelated Work*

Defendants contend they "are entitled to a reduction of Plaintiffs' requested attorney's fees in the amount of $104,132.80 and $10,607.50 in expenses as a result of [certain identifiable] billings being unrelated to the 42 U.S.C. 1983 action but to Plaintiffs' wrongful conviction state action, probate actions, expungement action, legislative hearings, and pardon board hearings." (Filing No. 601 at CM/ECF pp. 31-32.) The court agrees that these matters are not sufficiently related to the present actions to be compensable under § 1988. *See Fox v. Vice*, 563 U.S. 826, 834 (2011) ("The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief."). Accordingly, the court will: (1) reduce Ms. Chaloupka's fee by $2,585.00 and expenses by $300.26 (see Filing No. 601 at CM/ECF pp. 8-9)[7]; (2) will reduce Mr. Patterson's fee by $13,084.50 and

---

[6] While the jury found in favor of Defendant Jerry DeWitt and against all Plaintiffs on all claims, Defendants have not suggested that a reduction should be made to the lodestar because of this adverse result.

[7] "Ms. Chaloupka did not file a Bill of Costs in this action and has instead requested reimbursement for ... taxable costs in her Motion for Attorneys' Fees and Costs." (Filing No. 601 at CM/ECF p. 56.) Defendants' objection to this procedure is overruled.

expenses by $4,376.98 (see Filing No. 601 at CM/ECF pp. 9-10)[8]; (3) will reduce Mr. Bartle's fee by $25,467.00 (see Filing No. 601 at CM/ECF pp. 11-15); (4) will reduce Mr. Stratton's fee by $33,283.50 and expenses by $2,475.86 (see Filing No. 601 at CM/ECF pp. 16-25); and (5) will reduce Mr. Friedman's fee by $29,783.00 and expenses by $3,454.92 (see Filing No. 601 at CM/ECF pp. 26-31).[9]

### 5. Appeals

Defendants contend Plaintiffs were required to file motions for attorney's fees with the Court of Appeals, *see* 8th Cir. R. 47C ("A motion for attorney fees, with proof of service, must be filed with the clerk within 14 days after the entry of judgment."), and that their failure to do so prevents them from recovering any fees associated with the appeals. This is incorrect. To attain "prevailing party" status under 42 U.S.C. § 1988, a party must have "established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (1989) (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980)). "Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* at 792. Here, the resolution of the dispute did not occur until July 6, 2016, when a jury verdict was returned and judgment was entered in Plaintiffs' favor. *See Hanrahan*, 446 U.S. at 758-59 (civil rights plaintiffs were not prevailing parties on appeal for purpose of award of attorney fees under § 1988 where they secured reversal of judgment directing verdicts against them, because on remand jury could decide against them).

---

[8] "Mr. Patterson failed to include the cost of the depositions in the Bill of Costs he filed on July 21, 2016. Instead he has included a total of $8,692.75 for deposition costs in his supporting material for Attorney's Fees." (Filing No. 601 at CM/ECF p. 56 (record citation omitted).) Defendants' objection to this procedure is overruled.

[9] Mr. Friedman included the same expense items in a Bill of Costs.

9

The first of three appeals in these cases was filed on August 31, 2011, when Plaintiffs appealed from the entry of summary judgment in favor of Defendants in Case Nos. 4:09CV3144 (Dean), 4:09CV3146 (Gonzalez), 4:09CV3147 (Winslow), and 4:09CV3148 (Taylor). On October 15, 2012, the Court of Appeals "reverse[d] the district court's decision to grant qualified immunity to Searcey, Lamkin,[10] DeWitt, and Price as to Plaintiffs' claims based on reckless investigation and manufacturing of evidence," "reinstate[d] the claims against Gage County and the Defendants in their official capacities," "affirmed the district court as to its ruling that there was insufficient evidence to show that Plaintiffs' guilty pleas were unconstitutionally coerced," "likewise affirm[ed] the district court in its decision to grant [County Attorney Richard] Smith absolute immunity," and "remanded for further proceedings ...." *Winslow v. Smith*, 696 F.3d 716, 740 (8th Cir. 2012). Defendants argue that fees for this appeal should be reduced "because the Plaintiffs were not totally successful on this appeal and lost on the issues of absolute immunity and coerced guilty pleas and it should also be reduced for duplication of efforts and excessive billing." The court agrees that a reduction is indicated, and will reduce the fees for Mr. Patterson and Mr. Friedman by 25 percent each for their briefing activities. *See Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 966 (8th Cir. 2012) ("There is no precise rule or formula for making fee determinations in cases with only partial success" and a district court "may simply reduce the award to account for the [appellant's] limited success."). Mr. Patterson's fee for preparing two briefs will be reduced from $26,910 (see Filing No. 601 at CM/ECF pp. 33-34) to $20,182.50, a difference of $6,727.50. Mr. Friedman's fee for also preparing two briefs will be reduced from $10,020.00 (see Filing No. 601 at CM/ECF p. 34) to $7,515.00, a difference of $2,605.00

On September 7, 2011, Defendants filed an interlocutory appeal from the overruling of their motion for summary judgment in Case No. 4:09CV3145 (White). The Eighth Circuit affirmed the decision on October 15, 2012. *See White v. Smith*, 696

---

[10] Plaintiffs' claims against Deputy Gerald Lamkin were later dismissed.

F.3d 740 (8th Cir 2012). Defendants do not claim that any fee reduction is indicated for this appeal.

On March 26, 2014, Plaintiffs appealed from the dismissal of the conspiracy claim and the dismissal of all claims against Gage County, and Defendants then cross-appeal from the court's denial of qualified immunity. Plaintiffs won on all issues on December 27, 2015. *See Dean v. County of County of Gage*, 807 F.3d 931 (8th Cir. 2015). As previously discussed, the court will not reduce Plaintiffs' attorneys' fee for this fully successful appeal.

Defendants also object to Plaintiff Dean seeking reimbursement for a $455.00 appellate filing fee and Plaintiffs Dean and Shelden each seeking reimbursement for 1/6th of another appellate filing fee. (See Filing No. 601 at CM/ECF pp. 32-33.) Mr. Friedman concedes that a $455.00 appellate filing fee should not be included in an award of fees and expenses. (Filing No. 601 at CM/ECF p. 8.) In fact, it appears the filing fees have already been taxed as costs and reimbursed. (See Filing No. 601 at CM/ECF pp. 33, 53; Filing Nos. 150, 460) Mr. Friedman's requested expenses will also be reduced by $84.16 (1/6 of the fee), as will Ms. Chaloupka's. "Plaintiffs have also sought to be reimbursed for the cost of the Joint Appendix on Appeal and the cost of printing the briefs." (Filing No. 601 at CM/ECF p. 33.) These are cost items which should have been submitted to the Court of Appeals pursuant to 8th Circuit Rule 39A. Accordingly, Mr. Friedman's requested expenses will be reduced by $651.04,[11] and Ms. Chaloupka's requested expenses will be reduced by $156.70 for these items. (See Filing No. 601 at CM/ECF p. 33.) In addition, Ms. Chaloupka's requested expenses include $8,542.63 for "disbursement to Pell Reporting Inc. for depositions" (Filing No. 567-1 at CM/ECF p. 24) which is actually the cost of a joint appendix for which Plaintiffs have already been reimbursed. (See Filing No. 601 at CM/ECF pp. 33, 53; Filing Nos. 453, 460.)

---

[11] Mr. Friedman included the same expense items in a Bill of Costs.

11

*6. Taxable Costs*

"Mr. Friedman has filed a Bill of Cost on August 5, 2016, which includes some of the fees included in his Attorneys' Fee Application." (Filing No. 601 at CM/ECF p. 53.) These duplicate requests total $10,475.96, not including three cost items ($16.00 for "Latimer Reporting" on 10/29/2010, $203 for "Deposition Taylor," and $187.80 for "Deposition Dr. Price"), which have already been excluded as not being related activities in Case No. 4:09CV3144. (See Filing No. 601 at CM/ECF pp. 28-29, 54.) The only expense item the court allowed as a taxable cost was a $350.00 filing fee.

*Conclusion*

With respect to Plaintiff Dean, the court will reduce Mr. Friedman's requested fee of $610,192.75 by (1) $8,863.75 for certain paralegal time entries, (2) $600.00 for a duplicate time entry, (3) $29,783.00 for work that was not related to the prosecution of Case No. 4:09CV3144, and (4) $10,020.00 for incomplete success on the first appeal, for a total fee reduction of $49,266.75. Mr. Friedman's requested expenses of $21,755.97 will be reduced by $3,454.92 for work unrelated to Case No. 4:09CV3144, by $539.16 for appellate filing fees, by $651.04 for printing appellate briefs, and by $350.00 for a district court filing fee which has been taxed as a cost item, for a total reduction of $4,995.12. Mr. Dean will receive an award of $560,926.00 in attorney's fees plus $16,760.85 in expenses, for a total of $577,686.85.

With respect to his joint representation of Plaintiffs White, Gonzalez, Winslow, and Taylor, the court will reduce Mr. Stratton's requested fee of $201,452.00 by $33,283.50 for work that was unrelated to Case Nos. 4:09CV3145, 4:09CV3146, 4:09CV3147, and 4:09CV3148. Mr. Stratton's requested expenses of $8,591.16 will be reduced by $2,475.86 as being unrelated to these cases . Mr. Patterson's requested fee of $466,096.50 will be reduced by (1) by $13,084.50 for work unrelated to these cases and (2) $6,727.50 for incomplete success on the first appeal. The total fee

reduction for Mr. Patterson is $19,812.00. The court will also reduce Mr. Patterson's requested expenses of $11,000.25 by $4,376.98 because they were not incurred in connection with these cases, for a total reduction of $24,188.98. Mr. Bartle's requested fee of $127,750.00 will be reduced by $25,467.00 for work that was unrelated to these cases.

The total attorney's fee award for White, Gonzalez, Winslow, and Taylor is $716,736.00, plus $12,738.57 in expenses, for a total of $729,474.57. Each of these Plaintiffs is entitled to a one-fourth share of this total amount, or $182,368.64.

Finally, with respect to Ms. Shelden, the court will reduce Ms. Chaloupka's requested fee of $320,212.00 by $2,585.00 for work that was unrelated to Case No. 4:11CV3099. Her requested expenses of $31,876.18 will be reduced by $300.26 as being unrelated to this action, by $84.16 for a share of an appellate filing fee, by $156.70 for printing appellate briefs, and $8,542.63 for a joint appendix, for a total reduction of $9,083.75 in expenses. Mr. Kosmicki's requested fee of $73,939.00 will not be adjusted. Ms. Shelden will receive an award of attorneys' fees in the amount of $391,566.00 plus expenses of $22,792.43, for a total of $414,358.43.

The total amount of attorneys' fees awarded for all Plaintiffs is $1,669,228.00, which represents approximately 6 percent of the total verdict of $28,105,000.00. In addition, $52,291.85 in total expenses will be awarded. The tables on the following page summarize the amount of fees and expenses requested for each Plaintiff, the adjustments made by the court, and the final award.

Requested Fees and Expenses

|  | Dean | | White, *et al.* | | Shelden | | Totals |
| --- | --- | --- | --- | --- | --- | --- | --- |
|  | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees + Exp. |
| Friedman | $610,192.75 | $21,755.97 |  |  |  |  | $631,948.72 |
| Stratton |  |  | $201,452.00 | $8,591.16 |  |  | $210,043.16 |
| Patterson |  |  | $466,096.50 | $11,000.25 |  |  | $477,096.75 |
| Bartle |  |  | $127,750.00 |  |  |  | $127,750.00 |
| Chaloupka |  |  |  |  | $320,212.00 | $31,876.18 | $352,088.18 |
| Kosmicki |  |  |  |  | $73,939.00 |  | $73,939.00 |
| Totals | $610,192.75 | $21,755.97 | $795,298.50 | $19,591.41 | $394,151.00 | $31,876.18 | $1,872,865.81 |

Adjustments

|  | Dean | | White, *et al.* | | Shelden | | Totals |
| --- | --- | --- | --- | --- | --- | --- | --- |
|  | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees + Exp. |
| Friedman | ($49,266.75) | ($4,995.12) |  |  |  |  | ($54,261.87) |
| Stratton |  |  | ($33,283.50) | ($2,475.86) |  |  | ($35,759.36) |
| Patterson |  |  | ($19,812.00) | ($4,376.98) |  |  | ($24,188.98) |
| Bartle |  |  | ($25,467.00) |  |  |  | ($25,467.00) |
| Chaloupka |  |  |  |  | ($2,585.00) | ($9,083.75) | ($11,668.75) |
| Kosmicki |  |  |  |  |  |  | $0.00 |
| Totals | ($49,266.75) | ($4,995.12) | ($78,562.50) | ($6,852.84) | ($2,585.00) | ($9,083.75) | ($151,345.96) |

Fees and Expenses Awarded

|  | Dean | | White, *et al.* | | Shelden | | Totals |
| --- | --- | --- | --- | --- | --- | --- | --- |
|  | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees + Exp. |
| Friedman | $560,926.00 | $16,760.85 |  |  |  |  | $577,686.85 |
| Stratton |  |  | $168,168.50 | $6,115.30 |  |  | $174,283.80 |
| Patterson |  |  | $446,284.50 | $6,623.27 |  |  | $452,907.77 |
| Bartle |  |  | $102,283.00 |  |  |  | $102,283.00 |
| Chaloupka |  |  |  |  | $317,627.00 | $22,792.43 | $340,419.43 |
| Kosmicki |  |  |  |  | $73,939.00 |  | $73,939.00 |
| Totals | $560,926.00 | $16,760.85 | $716,736.00 | $12,738.57 | $391,566.00 | $22,792.43 | $1,721,519.85 |
| One-Fourth | na | na | $179,184.00 | $3,184.64 | na | na | $182,368.64 |

14

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Attorney Fees and Expenses (Filing No. 565) is granted, as follows:

1. Plaintiff James L. Dean (Case No. 4:09CV3144) shall recover from Defendants Burdette Searcey, Wayne Price, and Gage County, jointly and severally, the sum of $577,686.85.

2. Plaintiff Lois P. White, as Personal Representative of the Estate of Joseph White, Deceased (Case No. 4:09CV3145), shall recover from Defendants Burdette Searcey, Wayne Price, and Gage County, jointly and severally, the sum of $182,368.64.

3. Plaintiff Kathleen A. Gonzalez (Case No. 4:09CV3146) shall recover from Defendants Burdette Searcey, Wayne Price, and Gage County, jointly and severally, the sum of $182,368.64.

4. Plaintiff Thomas W. Winslow (Case No. 4:09CV3147) shall recover from Defendants Burdette Searcey and Gage County, jointly and severally, the sum of $182,368.64.

5. Plaintiff Ada Joann Taylor (Case No. 4:09CV3148) shall recover from Defendants Burdette Searcey, Wayne Price, and Gage County, jointly and severally, the sum of $182,368.64.

6. Plaintiff Deb Shelden (Case No. 4:11CV3099) shall recover from Defendants Burdette Searcey, Wayne Price, and Gage County, jointly and severally, the sum of $414,358.43.

7.  Judgment shall be entered by separate document in each of the aforesaid cases.

September 6, 2016.  BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge