# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. DEAN, | ) | 4:09CV3144 |
| Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
| Defendants. | ) | |
| LOIS P. WHITE, as Personal | ) | 4:09CV3145 |
| Representative of the Estate of | ) | |
| Joseph White, deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
| Defendants. | ) | |
| KATHLEEN A. GONZALEZ, | ) | 4:09CV3146 |
| Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
| Defendants. | ) | |
| THOMAS W. WINSLOW, | ) | 4:09CV3147 |
| Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
| Defendants. | ) | |
| ADA JOANN TAYLOR, | ) | 4:09CV3148 |
| Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
| Defendants. | ) | |
| DEBRA SHELDEN, | ) | 4:11CV3099 |
| Plaintiff, | ) | |
| v. | ) | |
| COUNTY OF GAGE, NEBRASKA, et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the court on Plaintiffs' Bills of Costs (Filing Nos. 564, 592) and Defendants' Objections thereto (Filing Nos. 591, 607).[1]

Plaintiffs Lois P. White, as Personal Representative of the Estate of Joseph White, Deceased (Case No. 4:09CV3145), Kathleen A. Gonzalez (Case No. 4:09CV3146), Thomas W. Winslow (Case No. 4:09CV3147), and Ada Joann Taylor (Case No. 4:09CV3148) request that costs be taxed in the amount of $420.00 in each of their cases for filing fees ($350.00) and service of summonses ($70.00). (Filing No. 564.) "The Defendants do not object to $350 filing fee of the Plaintiffs or the service costs for serving the Summons and Complaints on Defendants Searcey, the County of Gage, and Price as to Plaintiffs White, Taylor, and Gonzalez." (Filing No. 591 at CM/ECF pp. 2-3.) However, Defendants do object "to paying the service fees for the Summons and Complaint for Defendants Gage County Attorney Office, Gage County Sheriff's Office, Richard Smith, Kent Harlan, Mark Meints, and Jerry DeWitt, and to Defendant Price as to Plaintiff Winslow's case" because "Plaintiffs did not prevail against these Defendants." (Filing No. 591 at CM/ECF pp. 2-3.) This objection is well-taken, and the court will disallow the $7 service fee for the parties named above.

Plaintiff James L. Dean (Case No. 4:09CV3144) requests that costs be taxed in the amount of $10,797.48,[2] itemized as follows:

| | |
|---|---|
| Fees of the clerk | $   800.00 |
| Fees for transcripts | 7,239.70 |

---

[1] All record references are to filings in the lead case, Case No. 4:09CV3144. No Bill of Costs was filed on behalf of Plaintiff Debra Shelden in Case No. 4:11CV3099.

[2] Dean's counsel, Herbert J. Friedman, states in a footnote to his supporting affidavit that "[a]s these costs were a portion of the costs/expenses presented to the Court in support of Plaintiff James Dean's portion of the Application for Attorneys' Fees, (see Doc. 567-6), Plaintiff Dean would hereby reduce the request for the expenses portion of that Application in proportion to the amount actually taxed pursuant to 28 U.S.C. § 1920." (Filing No. 592-1 at CM/ECF p. 2.)

| | |
|---|---|
| Fees for service of summonses and subpoenas | 183.23 |
| Fees for witnesses | 620.70 |
| Fees for exemplification | 1,078.62 |
| Other costs | 875.23 |

(Filing No. 592.)[3]

Plaintiff Dean's records show he paid a $350.00 filing fee on July 14, 2009, and a $455.00 appellate filing fee on August 30, 2011. (Filing No. 592-1 at CM/ECF pp.5-11.) However, the appellate filing fee was previously taxed. (See Filing Nos. 146, 150.) Only the $350 filing fee will be allowed.

The requested transcript fees are for the cost of depositions that were taken between August 18, 2010, and January 24, 2014. (See Filing No. 592-1 at CM/ECF pp. 24-47.) Defendants object to taxing the cost of "any depositions taken between August 9, 2010, and January 15, 2013, with the exception of the deposition of Jerry DeWitt which was taken on January 17, 2012," for the reason that such deposition "were not taken for the purpose of this case but for the purpose of the wrongful conviction case that was filed in State court." (Filing No. 607 at CM/ECF pp. 2-3.) This objection is well-taken. Accordingly, the court will disallow the following court reporter fees as being unrelated to Case No. 4:09CV3144:

| | | |
|---|---|---|
| 08/18/2010 | $ 1,362.88 | (Filing No. 592-1 at CM/ECF p. 25.) |
| 09/15/2010 | 602.40 | (Filing No. 592-1 at CM/ECF p. 26.) |
| 11/03/2010 | 203.00 | (Filing No. 592-1 at CM/ECF p. 27.) |
| 12/10/2010 | 187.94 | (Filing No. 592-1 at CM/ECF p. 28.) |
| 01/24/2011 | 932.94 | (Filing No. 592-1 at CM/ECF p. 29.) |
| 11/18/2011 | 151.50 | (Filing No. 592-1 at CM/ECF p. 30.) |

---

[3] With the exception of the "fees for witnesses" category, Plaintiff has not bothered to list the individual cost items, but has merely attached copies of invoices and checks. (The "fees for witnesses" listing, however, includes a $40.00 payment to Richard Schmelling that is not supported by any documentation. See Filing No. 592-1 at CM/ECF p. 49.)

| 11/30/2011 | 273.02 | (Filing No. 592-1 at CM/ECF p. 31.) |
| 12/15/2011 | 318.60 | (Filing No. 592-1 at CM/ECF p. 32.) |
| 12/29/2011 | 375.57 | (Filing No. 592-1 at CM/ECF p. 32.) |

(See Filing No. 607 at CM/ECF pp. 3-4.) These fees total $4,407.85. Two payments made to court reporters were for witness fees and mileage for depositions that do not relate to Case No. 4:09CV3144. (Filing No. 607 at CM/ECF p. 3; Filing 592-1 at CM/ECF pp 22-23.) Those costs, totaling $96.00, are not taxable.

As to the remaining depositions, Defendants object that Plaintiff Dean has not made a required showing that they were "reasonably necessary to the development of the case at the time the deposition was taken." Bill of Costs Handbook. p.5. While some of the depositions clearly satisfy this standard (*e.g.*, depositions of individuals listed on a trial witness list, *see id.*), the court finds it unnecessary to undertake any further examination in this case because Plaintiff is seeking to recover the same court reporter fees in a Motion for Attorney Fees and Expenses (Filing No. 665). Because court reporter fees will be awarded by the court in connection with that motion, they will not be taxed as costs.

Plaintiff Dean has requested $183.23 for service of summonses and subpoenas, but the attached invoices total $300.17. (See Filing No. 592-1 at CM/ECF pp. 12-23.) This total does not include any fees for services of summonses, but instead includes fees for certified mail service of subpoenas, witness fees and mileage. Some of these costs related to depositions that were not taken in relation to Case No. 4:09CV3144 (see Filing No. 607 at CM/ECF p. 3;  Filing 592-1 at CM/ECF p. 13), and it appears that some of the costs were paid by other Plaintiffs. The court will not tax any costs for this category, but will review duplicate requests for payment in connection with Plaintiff's Motion for Attorney Fees and Expenses.

Regarding other witness fees, Defendants object to reimbursing Plaintiff Dean for "fees he paid to Kim Perkins for her vacation days from work in the amount of

4

$144.00 on July 14, 2016, and possibly in the amount of $125.84 on December 20, 2013." (Filing No. 607 at CM/ECF p. 8.) These amounts will not be taxed as costs. Defendants also object to witness fees totaling $258.36, that were paid to three individuals who did not testify. (See Filing No. 607 at CM/ECF p. 9.) This amount will not be taxed as costs.

Although the Bill of Costs states the witness fees totaled $620.70, the checks attached to the Bill of Costs total $1,275.38. (See Filing No. 592-1 at CM/ECF pp. 50-69.) Because the court is unable to determine whether the non-taxable witnesses fees are included within the $620.70 claimed, and because Plaintiff has also requested reimbursement of witness fees in the Motion for Attorney Fees and Costs, no witness fees will be taxed as costs and the matter will be taken up in connection with the Motion for Attorney Fees and Costs.

The fees for exemplification include three bills from FedEx/Kinkos that total $578.75, and a $499.87 bill from Dubas & Associates. Defendants object to these items because Plaintiff has not shown what the charges relate to. (See Filing No. 607 at CM/ECF p. 9.) The objection is well-taken. Again, however, Plaintiff Dean has submitted a duplicate request for payment in the Motion for Attorney Fees and Costs.

Finally, Plaintiff Dean claims "other costs" of $875.23 that are not identified but appear from the attached checks to include appellate filing fees that have already taxed as costs, the cost of printing briefs that should have been submitted to the Court of Appeals, and costs associated with state court proceedings. These are not taxable.

Accordingly,

IT IS ORDERED:

5

1.   In Case No. 4:09CV3144, costs are taxed in favor of Plaintiff James L. Dean and against Defendants Burdette Searcey, Wayne Price, and Gage County, jointly and severally, in the amount of $350.00.

2.   In Case No. 4:09CV3145, costs are taxed in favor of Plaintiff Lois P. White, as Personal Representative of the Estate of Joseph White, Deceased, and against Defendants Burdette Searcey, Wayne Price, and Gage County, jointly and severally, in the amount of $378.00.

3.   In Case No. 4:09CV3146, costs are taxed in favor of Plaintiff Kathleen A. Gonzalez and against Defendants Burdette Searcey, Wayne Price, and Gage County, jointly and severally, in the amount of $378.00.

4.   In Case No. 4:09CV3147, costs are taxed in favor of Plaintiff Thomas W. Winslow and against Defendants Burdette Searcey and Gage County, jointly and severally, in the amount of $371.00.

5.   In Case No. 4:09CV3148, costs are taxed in favor of Plaintiff Ada Joann Taylor and against Defendants Burdette Searcey, Wayne Price, and Gage County, jointly and severally, in the amount of $378.00.

6.   Judgments shall be entered by separate documents in each of the aforesaid cases.

September 6, 2016.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     Senior United States District Judge